UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREA JOHNSON,

        Plaintiff,

  v.

BRIAN BARNES, et al.,

        Defendants.

CASE NO. C17-5927 BHS

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

This matter comes before the Court on Defendant Kimberly Reid ("Reid"), Marc Christenson ("Christenson"), and Mike DeWitt's ("DeWitt") (collectively "Defendants") motions to dismiss (Dkts. 44, 49). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On November 3, 2017, Plaintiff Andrea Johnson ("Johnson") filed a proposed complaint against numerous defendants, including Reid, Christenson, and DeWitt. Dkt. 1-1.

On April 13, 2018, Johnson filed an amended complaint. Dkt. 28. Johnson asserts claims for violations of her civil rights, intentional infliction of emotional distress, fraud, trespass, invasion of privacy, defamation (slander and libel), and nuisance. *Id*. at 7–8.

The claims stem from a hearing on November 4, 2014, in Thurston County Family & Juvenile Court. *Id*. At the hearing, Johnson claims that defendants intimidated and harassed her causing damages. *Id*. at 8–12.

On April 30, 2018, Reid filed a motion to dismiss. Dkt. 44. Reid also filed a request for judicial notice requesting that the Court take judicial notice of the following documents: (1) the docket of Johnson's divorce proceeding, (2) the order dismissing DeWitt as Johnson's court-appointed guardian ad litem ("GAL"); and the clerk's minutes of November 4, 2014. Dkt. 46. On May 1, 2018, Christenson and DeWitt filed a motion to dismiss. Dkt. 49. On May 21, 2018, Johnson responded. Dkt. 54. On May 22, 2018, Christenson and DeWitt replied. Dkt. 55.

## II. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

In this case, Defendants argue that the Court should dismiss Johnson's complaint because it fails to allege sufficient facts to state a claim against Defendants, the parties are entitled to the absolute privilege of statements made in the course of judicial proceedings, and DeWitt is entitled to quasi-judicial immunity as a court-appointed GAL. Dkts. 44, 49. The Court agrees on all three issues. Johnson's complaint fails to state factual allegations for each claim. Johnson is obviously upset at what transpired at the

alleged hearing, but this in and of itself does not put Defendants on notice of the basis of her claims. *See* Fed. R. Civ. P. 8. Therefore, the Court grants Defendants' motions.

The next question is the appropriate remedy. Dismissal with prejudice is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

In this case, Defendants contend that the Court should dismiss Johnson's complaint with prejudice because they are immune from Johnson's claims. The Court agrees that both the absolute privilege and quasi-judicial immunity apply to protect Defendants. *Twelker v. Shannon & Wilson*, 88 Wn.2d 473, 475 (1977) (absolute privilege); *Lutheran Day Care v. Snohomish County*, 119 Wn.2d 91, 99 (1992) (quasi-judicial immunity). Therefore, the Court dismisses Johnson's claims against Defendants with prejudice because it is clear that no amendment may cure the deficiencies in Johnson's claims.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motions to dismiss (Dkts. 44, 49) are **GRANTED** and Johnson's claims against Reid, Christenson, and DeWitt are **DISMISSED with prejudice**.

Dated this 14th day of June, 2018.

BENJAMIN H. SETTLE
United States District Judge