UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| ANDREA JOHNSON, | CASE NO. C17-5927 BHS |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND, DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO EXTEND INITIAL DEADLINES, DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY, AND REQUESTING RESPONSE FROM PLAINTIFF |
| v. | |
| BRIAN BARNES, et al., | |
| Defendants. | |

This matter comes before the Court on Defendants Thurston County Superior Court Commissioner Jonathon Lack and Pro tem Commissioner Brian Barnes's ("Defendants") motion for summary judgment (Dkt. 57) and Plaintiff Andrea Johnson's ("Johnson") emergency motion for extension of time to respond (Dkt. 61), emergency motion to reset initial deadlines (Dkt. 64), and emergency motion to strike untimely reply (Dkt. 71). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

# I. PROCEDURAL AND FACTUAL HISTORY

On November 3, 2017, Johnson filed a proposed complaint against numerous defendants, including Defendants. Dkt. 1-1.

On April 13, 2018, Johnson filed an amended complaint. Dkt. 28. Johnson asserts claims for violations of her civil rights, intentional infliction of emotional distress, fraud, trespass, invasion of privacy, defamation (slander and libel), and nuisance. *Id*. at 7–8. The claims stem from a hearing on November 4, 2014, in Thurston County Family & Juvenile Court. *Id*. At the hearing, Johnson claims that Defendants intimidated and harassed her causing damages. *Id*. at 8–12.

On June 21, 2018, Defendants filed a motion for summary judgment. Dkt. 57. On July 12, 2018, Johnson filed a motion for an extension of time to respond. Dkt. 61. On July 13, 2018, Defendants renoted their motion allowing Johnson an additional week to file a response. Dkt. 63. On July 30, 2018, Johnson responded. Dkt. 67. On August 3, 2018, Defendants replied. Dkt. 70. Later that day, Johnson filed a motion to strike Defendants' reply as untimely. Dkt. 71.

# II. DISCUSSION

A. **Johnson's Motions**

First, Johnson filed a motion for an extension of time to respond to Defendants' motion for summary judgment. Dkt. 61. Johnson, however, did not request a specific time for such an extension. After Johnson filed her motion, Defendants voluntarily renoted their motion allowing Johnson additional time to respond. Then, on July 30,

2018, Johnson filed a timely response. Thus, the Court denies Johnson's motion as moot because Johnson was able to submit a timely response.

Second, Johnson moves to extend the initial deadlines. Dkt. 64. Johnson, however, fails to request any specific amount of time to extend these deadlines. While the Court generally grants these extensions, the Court will not grant an opened-ended extension. Thus, the Court denies the motion without prejudice and requests a response from Johnson regarding a deadline of when Johnson intends to serve the remaining defendants. Once service is complete, the Court will request a joint status report.

Third, Johnson moves to strike Defendants' untimely reply. Dkt. 71. Defendants, however, renoted their motion for consideration on August 3, 2018 and timely filed their reply on that date. Therefore, the Court denies Johnson's motion to strike.

**B.   Defendants' Motion**

Defendants move for summary judgment asserting the defense of absolute immunity and arguing that Johnson fails to state a claim and/or that Johnson failed to exhaust her claims by filing a claim for damages with Thurston County before filing her complaint. Dkt. 57. The Court will address the immunity and exhaustion issues.

**1.   Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which

the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### 2. Merits

Regarding Defendants' immunity defense, judges are absolutely immune from liability for actions performed within their judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967). Regarding the exhaustion defense, prior to filing a lawsuit seeking damages for tortious conduct against Thurston County or its county officials or employees, RCW 4.96.020(4) requires that a claim for damages must first be filed with the designated county agent as a mandatory condition precedent before the commencement of any action. *Sievers v. City of Mountlake Terrace*, 97 Wn. App. 181, 183 (1999); *Pirtle v. District 81*, 83 Wn. App. 304, 307 (1996), *review denied*, 131 Wn.2d 1014 (1997).

In this case, Defendants assert that they are entitled to judgment because Johnson's factual allegations involve Defendants' actions performed within their judicial capacity and Johnson failed to file a claim for damages with the county before filing suit. Johnson's response confirms that Defendants were acting in their judicial capacity when they allegedly violated Johnson's rights. Moreover, Johnson fails to address whether she filed a claim with the county. Therefore, the Court grants Defendants' motion because they are entitled to immunity and Johnson failed to exhaust.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment (Dkt. 57) is **GRANTED** and the Clerk shall terminate Defendants as parties; Johnson's emergency motion for extension of time to respond (Dkt. 61) is **DENIED as moot**; Johnson's emergency motion to reset initial deadlines (Dkt. 64) is **DENIED**

**without prejudice**; Johnson's emergency motion to strike untimely reply (Dkt. 71) is **DENIED**; and Johnson shall file a response no later than September 14, 2018 regarding when service of the remaining defendants may be accomplished. Failure to respond may result is **DISMISSAL** of Johnson's remaining claims.

Dated this 30th day of August, 2018.

BENJAMIN H. SETTLE
United States District Judge